# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:09CR00011-001 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| SHAUN PETER DAVIE, ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendant. ) | |

The defendant was sentenced by this court to a term of imprisonment by judgment entered on September 28, 2009. On November 16, 2009, the court of appeals received a pro se notice of appeal by the defendant.[1] In the notice, the defendant stated, "Reason for the delay in this appeal, was I have been waiting for a permanent facility." In order to determine whether to grant an extension of time to file a notice of appeal, I requested the defendant to file a declaration setting forth the circumstances under which the notice of appeal was filed.[2] That declaration has now

---

[1] Where a notice of appeal is mistakenly filed in the court of appeals, the notice is considered properly filed in the district court on the date received by the court of appeals. *See* Fed. R. App. P. 4(d).

[2] In civil cases, a district court does not normally have the authority to construe a bare notice of appeal as a request for an extension of time, *Shah v. Hutto*, 722 F.2d 1167, 1168-69 (4th Cir. 1983), but no express motion is required in a criminal case in order to extend the time. *See* Fed. R. Crim. P. 4(b)(4); *United States v. Reyes*, 759 F.2d 351, 353 (4th Cir. 1985).

been filed. For the reasons that follow, I am unable to grant an extension of time to file the notice of appeal.

At the time of the defendant's sentencing and when the notice of appeal was filed, the time limit for filing a notice of appeal was 10 days from the entry of judgment. Fed. R. App. P. 4(b)(1)(A)(i).[3] This court has the power to extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed. Fed. R. App. P. 4(b)(4). Under the so-called "mailbox rule," where an appeal notice is by an inmate confined in an institution, the notice is timely if it is deposited in the institution's internal mail system on or before the last date of filing. Fed. R. App. P. 4(c)(1).

A notice of appeal in this case was due no later than October 12, 2009. An extension of time for 30 days following that date would require the notice of appeal to be filed no later than November 11, 2009, five days before it was actually filed.

In his declaration, the defendant advises that he asked his attorney to note an appeal immediately after he was sentenced, but because the attorney "seemed very reluctant" to do so, he decided to file a notice of appeal himself. He then went into transit by the Bureau of Prisons and did not arrive at his designated institution until

---

[3] Effective December 1, 2009, the time was extended to 14 days. Prior to December 1, Saturday, Sundays and legal holidays were not included. Fed. R. App. P. 26(a)(2). Such days are now included. Fed. R. App. P. 26(a)(1)(B) (eff. Dec. 1, 2009).

- 2 -

October 27, 2009. Two days later he sent a notice of appeal to his father, who typed it and sent it to the court of appeals.

While I would be inclined to extend the time for filing the notice of appeal for 30 days on the basis of excusable neglect or good cause, such an extension would not cover the date the notice was filed. The mailbox rule does not apply where the notice of appeal goes to a third party for filing, rather than directly to the federal court. *Wilder v. Chairman of Cent. Classification Bd.*, 926 F.2d 367, 370 (4th Cir. 1991).[4] For that reason, any extension that I have the power to grant would not permit the timely filing of the notice of appeal and would thus be futile. I will therefore not extend the period of time for filing the notice of appeal.[5]

It is so **ORDERED**.

---

[4] *Wilder* was decided based on *Houston v. Lack*, 487 U.S. 266 (1988), in which the Supreme Court construed the meaning of "filing with the clerk of the district court" in Federal Rule of Appellate Procedure 4, and before the amendment adopting the mailbox rule. *Id*. at 270 n.1. Rule 4(c)(1), adopted after *Houston*, does not expressly require that the notice be delivered to the prison authorities to go directly to the court, but the commentary to the 1991 amendment indicates that it was meant to codify *Houston*. Fed. R. App. P. 4, advisory committee's notes. In *Houston*, the Court made clear that to apply the mailbox rule, the filing must be delivered to the prison authorities for forwarding to the court. 487 U.S. at 272-73. Decisions from other courts after the amendment to Rule 4 adopting the mailbox rule have followed *Wilder*. *See, e.g, Knickerbocker v. Artuz*, 271 F.3d 35, 37 (2d Cir. 2001).

[5] Of course, it is up to the court of appeals to consider its own jurisdiction to hear the requested appeal.

The clerk will send a copy of this Order to the defendant at his place of confinement, to the clerk of the court of appeals in Appeal Case No. 09-5178, and to the attorney recently appointed for the defendant by the court of appeals, Rena G. Berry, 130 W. Campbell Ave., S.W., Roanoke, VA 24011.  The clerk will also send to the  clerk of the court of appeals a copy of the declaration filed by the defendant.

ENTER: January 6, 2010

/s/ JAMES P. JONES
Chief United States District Judge