# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | Case No. 1:09CR00011-001 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **SHAUN PETER DAVIE,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Shaun Peter Davie, Pro Se Defendant.*

The defendant, proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. This matter is before me for preliminary review, pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. After reviewing the record, I deny the motion as untimely filed.

I.

I entered Davie's criminal judgment on September 28, 2009, sentencing him to 240 months' incarceration after he pleaded guilty to conspiring to distribute methamphetamine, in violation of 21 U.S.C. § 841(b)(1)(A), § 846, and § 851, and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The Court of Appeals for the Fourth Circuit granted Davie's motion to voluntarily dismiss his appeal on June 4, 2010.

Davie commenced this collateral attack no earlier than June 5, 2014, alleging that the court lacked jurisdiction to impose a recidivist sentencing enhancement. The court conditionally filed the motion, advised him that the motion appeared untimely, and gave him the opportunity to explain why the court should consider the motion timely filed. Davie argues that I should consider the § 2255 motion to be timely filed because he received ineffective assistance of counsel during sentencing and that a fundamental miscarriage of justice occurred. Davie further argues that the holding of *Whiteside v. United States*, 748 F.3d 541, 543 (4th Cir. 2014), makes the § 2255 motion timely filed.

II.

Federal inmates in custody may attack the validity of their federal sentences by filing motions, pursuant to 28 U.S.C. § 2255, within the one-year limitations period. This period begins to run from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral

review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Davie's criminal judgment became final in June 2010 when he voluntarily dismissed his appeal with the Court of Appeals for the Fourth Circuit. *See Clay v. United States*, 537 U.S. 522, 524 (2003) (stating a conviction becomes final once the availability of direct review is exhausted). Accordingly, for purposes of § 2255(f)(1), Davie had until June 2011 to timely file a § 2255 motion, but he did not commence this collateral attack until June 2014.

Davie argues that his motion should be considered timely filed under § 2255(f)(4) because he received ineffective assistance of counsel during sentencing and a fundamental miscarriage of justice allegedly occurred. However, Davie could have known of his current claim soon after being sentenced in September 2009, and Davie fails to establish that he exercised due diligence by waiting more than five years to file the claim. Therefore, I find that § 2255(f)(1) is the appropriate limitations period, and Davie filed the instant motion more than one year after his conviction became final.

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to

-3-

enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted). I do not find that Davie pursued his rights diligently or that an extraordinary circumstance prevented him from filing a timely § 2255 motion. *See, e.g.*, *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (noting pro se status and ignorance of the law does not justify equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll the limitations period). Furthermore, Davie's reliance on *Whiteside* is misplaced because that opinion was vacated upon en banc consideration. *Whiteside v. United States*, No. 13-7152, 2014 WL 7245453, at *7 (4th Cir. Dec. 19, 2014) (en banc) (declining, on rehearing, to extend equitable relief to a § 2255 movant actually innocent of the career offender sentencing enhancement that was lawfully imposed but later invalidated by subsequent case law). Accordingly, Davie filed the § 2255 motion beyond the one-year limitations period, he is not entitled to equitable tolling, and the § 2255 motion must be denied.

III.

For the foregoing reasons, the Motion to Vacate, Set Aside, or Correct Sentence is denied. A separate Final Order will be entered herewith.

DATED: February 2, 2015

/s/ James P. Jones
United States District Judge