# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) Case No. 1:09CR00011-001 |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| SHAUN PETER DAVIE, | ) JUDGE JAMES P. JONES |
| | ) |
| Defendant. | ) |

*Lena L. Busscher*, Assistant United States Attorney, Abingdon, Virginia, for United States; *Shaun Peter Davie*, Pro Se.

The defendant, a federal inmate sentenced by this court, has filed a pro se motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). The United States opposes the motion. For the reasons stated, the defendant's motion will be denied.

I.

Defendant Shaun Peter Davie pled guilty to Counts 1 and 3 of an Indictment, pursuant to a Plea Agreement, to conspiring to manufacture and possess with intent to distribute and distribute a controlled substance, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count One), and possessing a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding on year, in violation of 18 U.S.C. § 922(g)(1) (Count Three). As part of his agreement, Davie stipulated that he had been previously convicted of a qualifying drug offense in order to qualify

for a mandatory minimum sentence. With a total offense level of 31, and a criminal history category of III, his sentencing guidelines range was 135–168 months incarceration; however, he faced a 240-month mandatory minimum sentence for Count One. On September 28, 2009, the court sentenced the defendant to 240 months of incarceration on Count One and 120 months on Count Three, to be served concurrently, followed by ten years of supervised release. He is currently incarcerated at FCI Ray Brook with a projected release date of June 29, 2026.

On January 24, 2022, Davie filed a pro se letter motion seeking compassionate release based on his health risk in prison from COVID-19 and the change in federal sentencing law that reduced the mandatory minimum sentence enhancement under §§ 841(b)(1)(A) and 851 from 240 months to 180 months. While the court appointed the Federal Public Defender to represent the defendant, that Office declined to do so. Notice, Feb. 22, 2022, ECF No. 118. The United States responded to the pro se motion, contending first that it should be denied because Davie has failed to exhaust his administrative remedies, and that in any event, he cannot show extraordinary and compelling circumstances warranting compassionate release. No reply was filed by Davie within the time permitted. However, on April 21, 2022, Davie filed a second pro se motion, in which he says that he has exhausted his administrative remedies. The court will consider this new motion as a reply to the government's response. The matter has now been fully briefed and is ripe for decision.

II.

The court begins with the mandatory threshold requirement for granting relief — administrative exhaustion. *United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021). A district court may modify a term of imprisonment either upon motion of the Bureau of Prisons (BOP) Director "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A); *United States v. Brewington*, No. 2:12CR00009-007, 2019 WL 3317972, at *1 (W.D. Va. July 24, 2019). In its opposition to the defendant's motion, the government alleged that he had failed to exhaust his available administrative remedies, but in his reply, the defendant filed a copy of a letter dated April 4, 2022, from the Warden of FCI Ray Brook, denying his request. Given this evidence, I find that the defendant has satisfied the statutory exhaustion requirement, and I will proceed to consider his motion on the merits.

The governing statute provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has not issued any applicable policy statements after the statute was amended by the First

Step Act in 2018. Although I may not reduce Davie's sentence pursuant to a non-retroactive change in sentencing law, the Fourth Circuit has held in *United States v. McCoy*, 981 F.3d 271, 284, 286 (4th Cir. 2020), that when deciding a compassionate release motion, the court may consider *any* extraordinary and compelling reason raised by the defendant, including the length and disparateness of the sentence.

Davie suffers from a number of physical and mental health conditions, including obesity, respiratory distress as a prior smoker, PTSD, anxiety, and depression. He further contends that he has suffered "COVID symptoms twice while at Ray Brook," and that prison continues to be a high-risk environment for the transmission and exposure to the coronavirus. Def's Mot. 7, ECF No. 126. The government responds that Davie has been vaccinated against COVID-19. He received one dose of the Johnson & Johnson vaccine on May 10, 2021. Gov't Resp. Ex. 1 at 50, ECF No. 124. According to the CDC, the vaccines have been remarkably effective at preventing severe disease, hospitalizations, and death. Centers for Disease Control & Prevention, *Omicron Variant: What You Need to Know* (updated Mar. 29, 2022), https://www.cdc.gov/coronavirus/2019-ncov/variants/omicron-variant.html (last visited May 5, 2022). Davie's vaccination status has substantially reduced the risk that he faces while incarcerated.[1] Centers for Disease Control and

---

[1] The court recognizes that Davie would have even more protection if he had also received a second and third booster shot of the Pfizer-BioNTech or Moderna COVID-19 mRNA vaccines. Centers for Disease Control & Prevention, *COVID-19 Vaccine Boosters*,

Prevention, *Johnson & Johnson's Janssen COVID-19 Vaccine: Overview and Safety* (updated Apr. 27, 2022), https:// www.cdc.gov/coronavirus/2019-ncov/vaccines/ differentvaccines/janssen.html (last visited May 5, 2022).

Davie also argues that his sentencing disparity establishes an extraordinary and compelling reason warranting relief. Under the First Step Act, Congress reduced the mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A) from 240 months to 180 months. Davie's guideline range of 135–168 months was well-below the 240-month statutory minimum sentence imposed by the court. With the reduction in the mandatory minimum, Davie could be sentenced to 180 months incarceration. I have previously found that a sentencing disparity of five years, or 20% of the defendant's current sentence, is an extraordinary and compelling reaching for a sentence reduction under § 3582(c)(1)(A). *See, e.g.*, *United States v. Salam*, No. 7-12CR00073-002, 2022 WL 72480 (W.D. Va. Jan. 4, 2022) (concluding that 58 months of 292-month sentence is a significant disparity).

Of course, a sentencing disparity alone is not enough to warrant reducing Davie's sentence. I must also "reconsider[] the § 3553(a) factors" to determine whether the sentence remains no greater than necessary to meet § 3553(a)'s goals

---

(updated Apr. 28, 2022), https:// www.cdc.gov/coronavirus/2019-ncov/vaccines/booster-shot.html (last visited May 5, 2022). It is unclear whether Davie has been offered a booster shot by the BOP. Nevertheless, Davie's present dose of the vaccine likely continues to provide protection against severe outcomes.

"in view of the extraordinary and compelling circumstances." *United States v. Kibble*, 992 F.3d 326, 332 (4th Cir.), *cert. denied*, 142 S. Ct. 383 (2021).  Here, the government argues that the defendant played a significant role in a large-scale drug-distribution conspiracy involving methamphetamine, and that he possessed numerous firearms and ammunition.  It is further argued that Davie's disciplinary record while incarcerated is replete with recent violent infractions for assault and sexual proposals to BOP staff, as well as possession of prohibited substances, specifically home-made alcohol and suboxone strips.  On the other hand, Davie argues that he has completed certain programs and read self-help books.  Davie is also facing possible deportation at the conclusion of his sentence, and he hopes for a reduced sentence so that he can begin working on his immigration case.

After considering the parties' arguments and the § 3553(a) factors, I find that a reduction is not warranted in this case, even assuming that Davis has shown an extraordinary and compelling reason warranting relief.  While I recognize that Davie is subject to a higher statutory minimum than if he were sentenced today, that alone is not sufficient to warrant relief in this case.  Here, the drug quantity and the 16 firearms and ammunition recovered from his house and his sister's residence, along with the fact that Davie by his own admission had been distributing methamphetamine since 2005 illustrate that a lengthy sentence is warranted to protect the public and to deter future criminal conduct of the defendant.  He further

has not demonstrated a strong commitment to rehabilitation while incarcerated and I am particularly troubled by the numerous violent infractions, including assault and sexual harassment of BOP staff.  Accordingly,  I conclude that a sentence reduction is not warranted in this case.

### III.

It is **ORDERED** that the defendant's motion pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF Nos. 113 and 126, is DENIED.

ENTER:  May 6, 2022

/s/  JAMES P. JONES
Senior United States District Judge